The judgment of the Board of General Appraisers is *affirmed.*

---

GENERAL COMMERCIAL CO. *v.* UNITED STATES (No. 2204).[1]

1. EVIDENCE, RELEVANCY.
    Evidence of the market value within a time reasonably near that of exportation clearly tends to show the market value at the *date* of exportation.

2. APPRAISEMENT NOT REVIEWABLE.
    It has often been held that in the absence of fraud an appraisement will not be set aside because appraisers have not followed or have disregarded the evidence so far as the question of value is concerned. They have the right, and it is their duty, to use their own judgment and knowledge in connection with such evidence as is before them in making the appraisement.

[1] T. D. 39538.

United States Court of Customs Appeals, March 17, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45132.

[Affirmed.]

*Walden & Webster* (*Henry J. Webster* and *Edward F. Jordan* of counsel) for appellant. *William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.

[Oral argument January 25, 1923, by Mr. Jordan and Mr. Lawrence.]

Before MARTIN, Presiding Judge, and SMITH and BARBER, Associate Judges.

BARBER, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the Board of General Appraisers sitting as a classification board overruling a protest which challenges the legality of the judgment of a reappraisement board as to the value of certain Goya cheese imported from Argentina.

The precise error alleged is "that the reappraisement and re-reappraisement were illegal and void as being unsupported by any evidence."

The consular invoice of the merchandise was certified by a United States consul on August 6, 1919. The merchandise was entered at the customhouse in New York September 19 following. It was invoiced and entered at $0.26½ United States money, per pound. The local appraiser increased the appraised value. Importer appealed to a single general appraiser who fixed the value at $0.3151 per pound, which on reappraisement was affirmed.

In this case it appears that there was some evidence introduced on behalf of the government as to the market value or wholesale price in Argentina of similar Goya cheese about fifteen days before the date of the consular invoice. And there was also evidence introduced on behalf of the importer tending to show such value "early in August." There was no direct evidence as to the market value on the *very day*, August 6, on which it was presumed below that the shipment was made.

We think the importer's contention really amounts to this, that the re-reappraisement is invalid because the board did not have direct evidence as to the market value or wholesale price in Argentina of the importation on the precise date of its shipment.

This contention is unsound. Evidence as to the market value within a time reasonably near that of exportation clearly tends to show the market value at the *date* of exportation. The evidence in this case answers that requirement.

It has often been held that in the absence of fraud an appraisement will not be set aside because appraisers have not followed or have disregarded the evidence so far as the question of value is concerned. They have the right and duty to use their own judgment and knowl-

edge in connection with such evidence as is before them in making the appraisement.

Questions analogous to the one before us have been so frequently discussed that we content ourselves with referring to a few of the authorities: Wolff *v* United States (1 Ct. Cust. Appls., 181; T. D. 31217) Oelrichs *v.* United States (2 Ct. Cust. Appls., 355; T. D. 32091), Harris *v.* United States (3 Ct. Cust. Appls., 5; T. D. 32286), Horace Day Co. *v.* United States (3 Ct. Cust. Appls., 152; T. D. 32456), United States *v.* Johnson Co. (9 Ct. Cust. Appls. 258; T. D. 38215).

The judgment of the Board of General Appraisers is *affirmed.*